Janet A. Lawson #107321
3639 Harbor Blvd. #209
Ventura, CA 93001
(805) 658-2113
(805) 658-2302
jlawsonlawyer@gmail.com
Attorney for: Debtor

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**NORTHERN DIVISION**

In Re: ALFREDO & PATRICIA CRUZ, Debtors,

ALFREDO & PATRICIA CRUZ, Plaintiffs,

vs.

FRANKLIN CREDIT MANAGEMENT CORPORATION & IT'S ASSIGNORS.

Chapter 13
Case No. 09-12850-RR
Adv. No.

COMPLAINT BY DEBTORS

TO:
1.) ESTABLISH THE VALUE OF THE DEBTOR'S RESIDENCE;

2.) DETERMINE THE AMOUNT AND EXTENT OF THE SECOND DEED OF TRUST IN FAVOR OF FRANKLIN CREDIT MANAGEMENT CORPORATION AND IT'S ASSIGNORS

AND

3.) AVOID AND REMOVE THE LIEN OF THE SECOND TRUST DEED OF FRANKLIN CREDIT MANAGEMENT AND IT'S ASSIGNORS

PLAINTIFFS AND DEBTORS

hereby allege as follows:

**JURISDICTION / CORE PROCEEDING**

1. This Court has jurisdiction over the subject matter of this action pursuant to 28. U.S.C. § 157 and 1334, and the Standing Order of reference of the Chief Judge of the United

States District Court for the Central District of California dated July 20, 1984. Plaintiffs are the Debtors in this matter and the complaint asserts causes of action owned by the Plaintiffs.

2. This proceeding is a core proceeding. To the extent that this adversary proceeding is deemed a non-core proceeding, Plaintiffs and Debtors consent to the entry of a final order and judgment by this Bankruptcy Court.

3. Plaintiffs ALFREDO AND PATRICIA CRUZ are individuals residing in the Central District of California's Northern Division. Accordingly, venue is proper in the Central District of California's Northern Division.

4. Defendant, FRANKLIN CREDIT MANAGEMENT CORPORATION AND/OR IT'S ASSIGNORS (hereinafter 'FRANKLIN), is a corporation doing business in the Central District of California's Northern Division. Accordingly, venue is proper in the Central District of California's Northern Division.

5. Plaintiffs filed this Chapter 13 proceeding on 7/29/2009

6. ELIZABETH ROJAS is the duly appointed and qualified Chapter 13 Trustee in this case.

7. As reflected in the bankruptcy schedules filed herein, Plaintiffs' primary residence is located at 2238 ALAMEDA AVE., VENTURA CA 930030, (hereafter referred to as the "Property").

**FIRST CLAIM FOR RELIEF**

**TO DETERMINE THE EXTENT, VALIDITY AND PRIORITY OF THE SECOND TRUST DEED OF DEFENDANT HOMECOMINGS FINANCIAL, LLC. (11 U.S.C.§ 506 (A)**

8. Plaintiffs reassert, reallege and incorporate herein by reference each and every allegation contained in all the preceding paragraphs as though set forth in full.

9. Plaintiffs estimated the value of their Property on Schedule A-Real Property at 335,000.00, (a true and correct copy of Schedule A is attached hereto as Exhibit 1). Plaintiffs

based this estimate of the value of the Property on discussions with real estate professionals and their own knowledge of their own neighborhood and the asking and selling prices of comparable properties. Additionally, Plaintiffs purchased an appraisal of the Property from Horton Appraisal, a true and correct copy of which is attached hereto as Exhibit 2.

10. Exhibit 3 is a true and correct copy of a mortgage statement showing that WELLS FARGO HOME MORTGAGE, the first deed of trust holder, had a principal of $4481,600.00 as of June 18, 2009.

11. Defendant FRANKLIN or it's assignors has not yet filed a claim in this proceeding but a copy of the mortgage statement dated 6/10/2009 shows a balance owed of $117,591.77, see Exhibit 4.

12. Section 506 of the *Bankruptcy Code*, 11 U.S.C. §506, *Determination of Secured Status,* states:

> (a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

13. Although Chapter 13 generally permits the modification of the rights of holders of secured claims, an exception is carved out for those claims secured only by a security interest in real property that is the debtor's principal residence. The Ninth Circuit, however, has established an exception to this exception. In the matter of In re Zimmer, 313 F.3d 1220 (9th Cir.2002), the Court explained "a claim such as a mortgage is not a 'secured claim' to the extent that it exceeds the value of the property that secures it. ... [N]ot every claim that is secured by a lien on property will be considered a 'secured claim'. Here, it is plain that [the junior lienholder's] claim for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house." *Id. At 223.* The Court concluded: "In order to give effect to

the definitions of secured and unsecured claims under §506(a), we must conclude that the rights of a creditor holding only an unsecured claim [in the debtor's residence] may be modified under §1322(b) (2)." Id. At 1227.

14. As indicated above, the lien of WELLS FARGO HOME MORTGAGE secured by its First Deed of Trust on the Property has a balance in $481,600.00 as of 6/18/2009 which includes no arrears. That amount exceeds Plaintiffs' estimate of the fair market value of the Property by $146,600.00 and exceeds the appraised fair market value of the Property as set forth in Exhibit 2 by the same amount. Accordingly, the same amount the Second Trust Deed on the Property is wholly unsecured and may therefore be avoided and stripped.

WHEREFORE, Plaintiffs request that this honorable Court enter judgment in favor of Plaintiffs as follows:

(a) Establishing that the value of Plaintiffs' personal residence is no more than $335,000.00;

(b) Determining that the claim of FRANKLIN CREDIT MANAGEMENT CORPORATION AND/OR IT'S ASSIGNOR secured by its Second Trust Deed is limited solely to an unsecured nonpriority claim to the extent that one is asserted at all;

(c) Holding that the Second Trust Deed of trust held by FRANKLIN CREDIT MANAGEMENT CORPORATION AND/OR IT'S ASSIGNOR on the Property is avoided in its entirety; and

(d) For such other and further relief as the Court may deem appropriate.

Dated: September 24 _____, 2009

LAW OFFICES OF JANET A. LAWSON

By: ______________________

JANET A. LAWSON
Attorney for Plaintiffs

# EXHIBIT 1

B6A (Official Form 6A) (12/07)

IN RE Cruz, Alfredo & Cruz, Patricia B Case No. ____________ (If known)

Debtor(s)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 2238 Alameda Ave., Ventura CA 93003 | | C | 335,000.00 | 599,192.00 |
| | | TOTAL | 335,000.00 | |

(Report also on Summary of Schedules)

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**EXHIBIT 2**

# APPRAISAL REPORT

# OF

2238 ALAMEDA AVENUE
VENTURA, CA 93003

# PREPARED FOR

JANET LAWSON
3639 HARBOR BLVD. STE. 209
VENTURA, CA. 93001

# AS OF

07-06-2009 THE ESTIMATED VALUE IS $335,000

# PREPARED BY

HORTON APPRAISAL
8252 TIARA STREET
VENTURA , CA 93004

HORTON APPRAISAL

File No. 492D5A79
Case No.

# Uniform Residential Appraisal Report

The purpose of this summary appraisal report is to provide the lender/client with an accurate, and adequately supported, opinion of the market value of the subject property.

## SUBJECT

Property Address 2238 ALAMEDA AVENUE | City VENTURA | State CA | Zip Code 93003
Borrower CRUZ | Owner of Public Record CRUZ | County VENTURA
Legal Description LOT 3, BLOCK 23 PORTION TOWNSITE OF MONTALVO, M.R. BK.3, PG.16
Assessor's Parcel # 135-0-142-215 | Tax Year 08-09 | R.E. Taxes $ 6,281.00
Neighborhood Name MONTALVO | Map Reference 492-D5 | Census Tract 0015.07
Occupant [X] Owner [ ] Tenant [ ] Vacant | Special Assessments $ N/A | [ ] PUD | HOA $ | [ ] per year [ ] per month
Property Rights Appraised [X] Fee Simple [ ] Leasehold [ ] Other (describe) N/A
Assignment Type [ ] Purchase Transaction [ ] Refinance Transaction [X] Other (describe) ESTATE PURPOSES
Lender/Client JANET LAWSON | Address 3639 HARBOR BLVD. STE. 209, VENTURA, CA. 93001
Is the subject property currently offered for sale or has it been offered for sale in the twelve months prior to the effective date of this appraisal? [ ] Yes [X] No
Report data source(s) used, offerings price(s), and date(s). PER MLS SUBJECT WAS NOT LISTED FOR SALE IN THE 12 MONTHS PRIOR TO THE EFFECTIVE DATE OF THE APPRAISAL.

## CONTRACT

I [ ] did [ ] did not analyze the contract for sale for the subject purchase transaction. Explain the results of the analysis of the contract for sale or why the analysis was not performed. N/A

Contract Price $ REFINANCE | Date of Contract N/A | Is the property seller the owner of public record? [ ] Yes [ ] No | Data Source(s) NA
Is there any financial assistance (loan charges, sale concessions, gift or downpayment assistance, etc.) to be paid by any party on behalf of the borrower? [ ] Yes [ ] No
If Yes, report the total dollar amount and describe the items to be paid. N/A

## NEIGHBORHOOD

**Note: Race and the racial composition of the neighborhood are not appraisal factors.**

| Neighborhood Characteristics | One-Unit Housing Trends | One-Unit Housing | Present Land Use % |
|---|---|---|---|
| Location [ ] Urban [X] Suburban [ ] Rural | Property Values [ ] Increasing [X] Stable [ ] Declining | PRICE / AGE | One-Unit 78 % |
| Built-Up [X] Over 75% [ ] 25-75% [ ] Under 25% | Demand/Supply [X] Shortage [ ] In Balance [ ] Over Supply | $ (000) / (yrs) | 2-4 Unit 2 % |
| Growth [ ] Rapid [X] Stable [ ] Slow | Marketing Time [ ] Under 3 mths [X] 3-6 mths [ ] Over 6 mths | 212 Low 2 | Multi-Family 5 % |
| | | 650 High 80 | Commercial 10 % |
| | | 370 Pred. 44 | Other 5 % |

Neighborhood Boundaries TELEPHONE ROAD (NORTH), VICTORIA AVE (WEST), RAMELI AVE AND VACANT LAND (EAST); RAIL ROAD TRACKS (SOUTH).
Neighborhood Description THIS NEIGHBORHOOD CONSISTS MOSTLY OF AVERAGE & GOOD QUALITY TRACT HOMES IN AVERAGE & GOOD CONDITION. SCHOOLS, SHOPPING & COMMERCIAL STRIPS ARE CONVENIENT. EMPLOYMENT CENTERS ARE AVAILABLE IN VENTURA & SURROUNDING COMMUNITIES VIA HWY 101. EMPLOYMENT STABILITY APPEARS AVERAGE.
Market Conditions (including support for the above conclusions) THERE APPEARS TO BE A SHORTAGE OF INVENTORY VS DEMAND AT THIS TIME FOR THIS AREA. AVERAGE MARKETING TIME IS TYPICALLY 3-6 MONTHS. WITH CURRENT INTEREST RATES AND CURRENT LEVELS OF DEMAND IT APPEARS MARKET VALUES ARE STABLE. SALES CONCESSIONS IF ANY ARE TYPICALLY LESS THAN $10,000.

## SITE

Dimensions 50X150 | Area 7,500 | Shape RECTANGULAR | View NONE
Specific Zoning Classification R1 | Zoning Description RESIDENTIAL
Zoning Compliance [X] Legal [ ] Legal Nonconforming (Grandfathered Use) [ ] No Zoning [ ] Illegal (describe) N/A
Is the highest and best use of subject property as improved (or as proposed per plans and specifications) the present use? [X] Yes [ ] No If No, describe.

| Utilities | Public | Other (describe) | | Public | Other (describe) | Off-site Improvements–Type | Public | Private |
|---|---|---|---|---|---|---|---|---|
| Electricity | X | | Water | X | | Street ASPHALT | X | |
| Gas | X | | Sanitary Sewer | X | | Alley NONE | | |

FEMA Special Flood Hazard Area [ ] Yes [X] No | FEMA Flood Zone ZONE C | FEMA Map # 060419 0010 C | FEMA Map Date 08-19-1987
Are the utilities and/or off-site improvements typical for the market area? [X] Yes [ ] No If No, describe. N/A
Are there any adverse site conditions or external factors (easements, encroachments, environmental conditions, land uses, etc.)? [ ] Yes [X] No If Yes, describe.
SUBJECT SITE IS LOCATED ON A THROUGH STREET WITH NO APPARENT ADVERSE EASEMENTS OR ENCROACHMENTS. NO APPARENT ADVERSE CONDITIONS NOTED . IMPROVEMENTS APPEAR CONFORMING TO THE AREA.

## IMPROVEMENTS

| General Description | Foundation | Exterior Description materials/condition | Interior materials/condition |
|---|---|---|---|
| Units [X] One [ ] One with Accessory Unit | [ ] Concrete Slab [X] Crawl Space | Foundation Walls CONCRETE/AVERAGE | Floors CRPT,VNL&LMNT/AVG |
| # of Stories ONE | [ ] Full Basement [ ] Partial Basement | Exterior Walls STUCCO&WD/GOOD | Walls DRYWALL/AVG |
| Type [X] Det. [ ] Att. [ ] S-Det./End Unit | Basement Area sq. ft. | Roof Surface FLAT/AVERAGE | Trim/Finish PAINT/AVG&GOOD |
| [X] Existing [ ] Proposed [ ] Under Const. | Basement Finish % | Gutters & Downspouts ADEQUATE/AVG | Bath Floor TILE&VNL/GOOD |
| Design (Style) CONVENTIONAL | [ ] Outside Entry/Exit [ ] Sump Pump | Window Type DUAL PANE/GOOD | Bath Wainscot TILE&FIB/GD&AV |
| Year Built 1949 (60) | Evidence of [ ] Infestation NONE NOTED | Storm Sash/Insulated NO | Car Storage [ ] None |
| Effective Age (Yrs) 30-35 | [ ] Dampness [ ] Settlement | Screens YES/AVERAGE | [X] Driveway # of Cars 2 |
| Attic [ ] None | Heating [ ] FWA [ ] HWBB [ ] Radiant | Amenities [ ] Woodstove(s) # | Driveway Surface CONCRETE |
| [ ] Drop Stair [ ] Stairs | [X] Other FLR Fuel GAS | [ ] Fireplace(s) # [X] Fence STUCCO | [X] Garage # of Cars 2 |
| [ ] Floor [X] Scuttle | Cooling [ ] Central Air Conditioning | [ ] Patio/Deck [X] Porch COVERED | [ ] Carport # of Cars |
| [ ] Finished [ ] Heated | [ ] Individual [ ] Other NONE | [ ] Pool NONE [ ] Other | [X] Att. [ ] Det. [ ] Built-in |

Appliances [X] Refrigerator [X] Range/Oven [X] Dishwasher [X] Disposal [X] Microwave [ ] Washer/Dryer [ ] Other (describe)
Finished area **above** grade contains: 7 Rooms 3 Bedrooms 2.0 Bath(s) 1,459 Square Feet of Gross Living Area Above Grade
Additional features (special energy efficient items, etc.) UPGRADED KITCHEN CABINETS WITH TILE COUNTERTOPS, UPGRADED MASTER BATHROOM WITH TILE COUNTERTOPS & TILE WAINSCOT. SMOOTH CEILINGS AND TRACT LIGHTING.
Describe the condition of the property (including needed repairs, deterioration, renovations, remodeling, etc.). SUBJECT APPEARS IN OVERALL AVERAGE CONDITION WITH SOME UPDATING & UPGRADING. NO APPARENT REPAIRS OR MODERNIZATION REQUIRED FOR THE PURPOSES OF THIS REPORT.

Are there any physical deficiencies or adverse conditions that affect the livability, soundness, or structural integrity of the property? [ ] Yes [X] No If Yes, describe
NO APPARENT ADVERSE ENVIRONMENTAL CONDITIONS KNOWN BY THE APPRAISER THAT WOULD NEGATIVELY EFFECT VALUES OR MARKETABILITY AT THIS TIME.

Does the property generally conform to the neighborhood (functional utility, style, condition, use, construction, etc.)? [X] Yes [ ] No If No, describe

File No. 492D5A79
Case No.

# Uniform Residential Appraisal Report

There are *12 comparable properties currently offered for sale in the subject neighborhood ranging in price from $ 289,000 to $ 400,000 .
There are 37 comparable sales in the subject neighborhood within the past twelve months ranging in sale price from $ 230,000 to $ 425,000 .

| FEATURE | SUBJECT | COMPARABLE SALE # 1 | | COMPARABLE SALE # 2 | | COMPARABLE SALE # 3 | |
|---|---|---|---|---|---|---|---|
| Address | 2238 ALAMEDA AVENUE VENTURA, CA 93003 | 6279 MONTALVO DRIVE APN#135-0-193-105 | | 6553 ALBATROSS STREET APN#136-0-075-045 | | 2104 ERMINE AVE APN#131-0-082-065 | |
| Proximity to Subject | | 0.27 miles SE | | 0.73 miles NE | | 1.21 miles E | |
| Sale Price | $ REFINANCE | | $ 275,000 | | $ 350,000 | | $ 333,500 |
| Sale Price/Gross Liv. Area | $ 229.61 sq. ft. | $ 246.86 sq. ft. | | $ 227.86 sq. ft. | | $ 255.75 sq. ft. | |
| Data Source(s) | REALIST | MLS/TITLE CO. | | REALIST/MLS | | REALIST/MLS | |
| Verification Source(s) | INSPECTION | DOC#87768 | | DOC#70236 | | DOC#65377 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing | NA | CONVENTIONAL | | CONVENTIONAL | | CONVENTIONAL | |
| Concessions | NA | 80% FINANCED | | 90%FINANCED | | 70% FINANCED | |
| Date of Sale/Time | NA | 5/29/09 | CLOSED | 5/01/09 | CLOSED | 4/24/09 | CLOSED |
| Location | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Leasehold/Fee Simple | FEE | FEE | | FEE | | FEE | |
| Site | 7,500 | 7200 | +500 | 6200 | +1,500 | 7700 | 0 |
| View | NONE | NONE | | NONE | | NONE | |
| Design (Style) | CONVENTIONAL | CONVENTIONAL | | CONVENTIONAL | | CONVENTIONAL | |
| Quality of Construction | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Actual Age | 1949 (60) | 1950(49) | 0 | 1965 (44) | 0 | 1973(36) | 0 |
| Condition | AVERAGE | AVERAGE | | AVERAGE- | +5,000 | AVERAGE | |
| Above Grade Room Count (Total / Bdrms / Baths) | 7 / 3 / 2.0 | 7 / 3 / 1.00 | +10,000 | 7 / 4 / 2.00 | -10,000 | 6 / 4 / 2.00 | -10,000 |
| Gross Living Area | 1,459 sq. ft. | 1,114 sq. ft. | +20,500 | 1,536 sq. ft. | -4,500 | 1,304 sq. ft. | +9,500 |
| Basement & Finished | NONE | NONE | | NONE | | NONE | |
| Rooms Below Grade | None | NONE | | N/A | | N/A | |
| Functional Utility | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Heating/Cooling | FLR/NONE | FAU/NONE | 0 | FAU/NONE | 0 | FAU/NONE | 0 |
| Energy Efficient Items | SIMILAR | SIMILAR | | SIMILAR | | SIMILAR | |
| Garage/Carport | 2 GARAGE | 2 GARAGE | | 2 GARAGE | | 2 GARAGE | |
| Porch/Patio/Deck | PORCH | PATIO | 0 | PATIO | 0 | PATIO | 0 |
| | | | | | | | |
| | | | | | | | |
| DAYS ON MARKET | NA | 6 DAYS | | 24 DAYS | | 8 DAYS | |
| Net Adjustment (Total) | | [X] + [ ] - | $ 31,000 | [ ] + [X] - | $ -8,000 | [ ] + [X] - | $ -500 |
| Adjusted Sale Price of Comparables | | Net Adj: 11% Gross Adj : 11% | $ 306,000 | Net Adj: -2% Gross Adj: 6% | $ 342,000 | Net Adj: 0% Gross Adj: 6% | $ 333,000 |

SALES COMPARISON ANALYSIS

I [X] did [ ] did not research the sale or transfer history of the subject property and comparable sales. If not, explain

My research [ ] did [X] did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.
Data source(s) REALIST
My research [X] did [ ] did not reveal any prior sales or transfers of the comparable sales for the year prior to the date of sale of the comparable sale.
Data source(s) REALIST
Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales (report additional prior sales on page 3).

| ITEM | SUBJECT | COMPARABLE SALE # 1 | COMPARABLE SALE # 2 | COMPARABLE SALE # 3 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | NO OTHER SALES IN | 11/05/2008 | NO OTHER SALES IN | 02/26/2009 |
| Price of Prior Sale/Transfer | 36 MONTHS | 333,000 | 12 MONTHS | $310,200 |
| Data Source(s) | MLS/REALIST | REALIST | REALIST/MLS | REALIST |
| Effective Date of Data Source(s) | CURRENT | CURRENT | CURRENT | CURRENT |

Analysis of prior sale or transfer history of the subject property and comparable sales PRIOR TRANSFERS OF COMPARABLES 1,3 & 4 APPEAR TO BE LENDER FORECLOSURES. DUE TO THE AMOUNT OF LENDER OWNED PROPERTIES CURRENTLY ON THE MARKET, THE USE OF BANK OWNED PROPERTIES AS COMPARABLES ARE TYPICAL IN THE CURRENT MARKET IN THIS AREA AND COMPETING AREAS.
*NOTE OUT OF THE 12 COMPARABLE LISTINGS ABOVE IN SUBJECT NEIGHBORHOOD, 11 OF THE 12 ARE CURRENTLY IN ESCROW. WITH ONLY ONE ACTIVE LISTING BETWEEN 1250 AND 1700 SQ.FT. THIS INDICATES A VERY ACTIVE MARKET WITH DEMAND BEING HIGHER THAN SUPPLY.

Summary of Sales Comparison Approach SALE 1 ALTHOUGH MUCH SMALLER HAS BEEN INCLUDED BECAUSE IT WAS AMONG THE MOST RECENT SALES FOUND LOCATED IN CLOSE PROXIMITY AND SIMILAR IN AGE. SALE 2 AND SALE 3 ARE LARGER AND SMALLER HOMES WITHIN 15% OF SUBJECT GROSS LIVING AREA. SALES 1,2 & 3 BRACKET SUBJECT SIZE AND INDICATED VALUE. THEY CARRY MOST WEIGHT. SALE 4 IS MOST SIMILAR IN SIZE BUT APPEARS TO HAVE SOLD HIGH. IT CARRIES SECONDARY WEIGHT. COMPARABLE PENDINGS 5 & 6 WERE CONSIDERED AMONG THE MOST SIMILAR LISTINGS IN SUBJECT NEIGHBORHOOD TO BEST REFLECT SUBJECT CURRENT MARKET VALUE. THE PENDING PRICES ARE UNKNOWN, THE LAST LISTING PRICES ARE USED. THEY CARRY SUPPORTING WEIGHT THE FINAL VALUE.

Indicated Value by Sales Comparison Approach $ 335,000

RECONCILIATION

**Indicated Value by: Sales Comparison Approach $** 335,000 **Cost Approach (if developed) $** 335,573 **Income Approach (if developed) $** N/A

SALES COMPARISON APPROACH IS CONSIDERED MOST RELIABLE AS IT BEST REFLECTS ACTIONS OF TYPICAL BUYERS & SELLERS. THE COST APPROACH CARRIES SUPPORTING WEIGHT ONLY. THE INCOME APPROACH TO VALUE IS NOT CONSIDERED CONCLUSIVE IN THIS AREA OF PREDOMINANTLY OWNER OCCUPIED PREVIOUSLY BUILT HOMES.

This appraisal is made [X] "as is," [ ] subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed, [ ] subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed, or [ ] subject to the following required inspection based on the extraordinary assumption that the condition or deficiency does not require alteration or repair:
NONE

**Based on a complete visual inspection of the interior and exterior areas of the subject property, defined scope of work, statement of assumptions and limiting conditions, and appraiser's certification, my (our) opinion of the market value, as defined, of the real property that is the subject of this report is $ 335,000 , as of 07-06-2009 , which is the date of inspection and the effective date of this appraisal.**

File No. 492D5A79
Case No.

# Uniform Residential Appraisal Report

**ADDITIONAL COMMENTS**

SCOPE OF THE APPRAISAL:
THIS REPORT IS COMPLETED IN ACCORDANCE WITH THE UNIFORM STANDARDS OF PROFESSIONAL APPRAISAL PRACTICE. SUBJECT WAS INSPECTED ON THE INTERIOR & EXTERIOR BY THE APPRAISER. THE COMPARABLE SALES WERE VIEWED FROM THE STREET ONLY. DATA FOR THE COMPARABLES WERE RESEARCHED THROUGH PUBLIC RECORDS, LOCAL MLS AND EXTERIOR INSPECTION FROM STREET. ESTIMATED EXPOSURE TIME = 30-90 DAYS. SALES COMPARISON APPROACH IS CONSIDERED MOST RELIABLE AS IT BEST REFLECTS ACTIONS OF TYPICAL BUYERS & SELLERS. THE COST APPROACH CARRIES SUPPORTING WEIGHT ONLY. THE INCOME APPROACH TO VALUE IS CONSIDERED INAPPLICABLE IN THIS AREA OF PREDOMINANTLY OWNER OCCUPIED HOMES.

EXTRAORDINARY ASSUMPTIONS:
THIS REPORT WAS COMPLETED WITH AN INTERIOR INSPECTION OF SUBJECT. THE COMPARABLES WERE INSPECTED ON THE EXTERIOR FROM THE STREET. EXTERNAL SOURCES, INCLUDING BUT NOT LIMITED TO, COUNTY RECORDS AND MULTIPLE LISTING SERVICE DATA, WERE RELIED UPON FOR INFORMATION USED TO DESCRIBE THE SUBJECT PROPERTY AND COMPARABLES IN THIS APPRAISAL REPORT. THIS REPORT IS BASED ON THE EXTRAORDINARY ASSUMPTION THAT THE INFORMATION IS RELIABLE AND REFLECTIVE OF THE SUBJECT PROPERTY AND COMPARABLE PROPERTIES. IT IS ASSUMED SUBJECT PROPERTY HAS NO ADVERSE; ENVIRONMENTAL, STRUCTURAL, TERMITE, SETTLING, EASEMENTS, ENCROACHMENTS OR OTHER PROBLEMS THAT ARE BEYOND THE EXPERTISE OF APPRAISER. IF ANY OF THESE EXTRAORDINARY ASSUMPTIONS ARE FOUND TO BE FALSE, VALUE CONCLUSION AND OTHER CONCLUSIONS IN THE REPORT MAY BE UNRELIABLE. THE APPRAISER RESERVES THE RIGHT TO AMEND THE OPINION OR CONCLUSIONS BASED ON NEW OR REVISED INFORMATION.

REGARDING TAX ROLL: TAX ROLL INDICATES SUBJECT GROSS LIVING AREA IS 2000 SQ.FT. APPRAISER MEASUREMENTS REVEALED 1459 SQ.FT. APPRAISER MEASUREMENTS ARE USED IN THIS REPORT.

ADJUSTMENTS:
SITE AREA = $1.00/SQ.FT. ; GROSS LIVING AREA = $60 /SQ.FT. BOTH ROUNDED TO $500; NO AGE ADJUSTMENTS MADE AS OVERALL QUALITY & CONDITION APPEAR TO HAVE A GREATER EFFECT ON VALUE THAN DOES AGE. BATHROOM=$10,000, BEDROOM=$10,000. QUALITY & CONDITION ADJUSTMENTS ARE MADE BASED UPON EXTERIOR INSPECTION OF COMPARABLES AND MLS DATA AND MARKET REACTIONS TO THESE FEATURES.

THE INTENDED USER OF THIS APPRAISAL REPORT IS THE LENDER/CLIENT. NO OTHER INTENDED USERS ARE NAMED IN THIS REPORT THE INTENDED USE IS TO EVALUATE THE PROPERTY THAT IS THE SUBJECT OF THIS APPRAISAL FOR A LEGAL PURPOSES, STATED IN THE SCOPE OF WORK, PURPOSE OF THE APPRAISAL, REPORTING REQUIREMENTS OF THIS APPRAISAL REPORT FORM, AND DEFINITION OF MARKET VALUE.

## COST APPROACH TO VALUE (not required by Fannie Mae.)

Provide adequate information for the lender/client to replicate your cost figures and calculations.

Support for the opinion of site value (summary of comparable land sales or other methods for estimating site value) SITE VALUE IS DETERMINED BY EXTRACTION METHOD DUE TO LACK OF RECENT SALES OF VACANT SIMILAR SITES.

| | | | | | | |
|---|---|---|---|---|---|---|
| ESTIMATED [ ] REPRODUCTION OR [X] REPLACEMENT COST NEW | OPINION OF SITE VALUE | | | | =$ | 175,000 |
| Source of cost data BUILDING-COST.NET | Dwelling | 1,459 | Sq. Ft. @ $ | 118.71 | =$ | 173,198 |
| Quality rating from cost service AVG Effective date of cost data CURRENT | | | Sq. Ft. @ $ | | =$ | |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.) | | | | | | |
| LAND TO IMPROVEMENT RATIO IS TYPICAL FOR THE AREA. COST | Garage/Carport | 583 | Sq. Ft. @ $ | 50 | =$ | 29,150 |
| DATA BASED UPON BUILDING COST.NET. PHYSICAL DEPRECIATION & | Total Estimate of Cost-new | | | | =$ | 202,348 |
| ECONOMIC REMAINING LIFE IS CALCULATED BY THE "EXTENDED LIFE | Less | Physical 33 | Functional | External | | |
| THEORY OF LOSS." | Depreciation | 66,775 | 0 | 0 | =$ ( | 66,775 ) |
| | Depreciated Cost of Improvements | | | | =$ | 135,573 |
| | "As-is" Value of Site Improvements | | | | =$ | 25,000 |
| Estimated Remaining Economic Life (HUD and VA only) Years | Indicated Value By Cost Approach | | | | =$ | 335,573 |

## INCOME APPROACH TO VALUE (not required by Fannie Mae.)

Estimated Monthly Market Rent $ X Gross Multiplier =$ N/A Indicated Value by Income Approach

Summary of Income Approach (including support for market rent and GRM)

## PROJECT INFORMATION FOR PUDs (if applicable)

Is the developer/builder in control of the Homeowner's Association (HOA)? [ ] Yes [ ] No Unit type(s) [ ] Detached [ ] Attached

Provide the following information for PUDs ONLY if the developer/builder is in control of the HOA and the subject property is an attached dwelling unit.

Legal Name of Project

Total number of phases Total number of units Total number of units sold

Total number of units rented Total number of units for sale Data source(s)

Was the project created by the conversion of existing building(s) into a PUD? [ ] Yes [ ] No If Yes, date of conversion.

Does the project contain any multi-dwelling units? [ ] Yes [ ] No Data source.

Are the units, common elements, and recreation facilities complete? [ ] Yes [ ] No If No, describe the status of completion.

Are the common elements leased to or by the Homeowner's Association? [ ] Yes [ ] No If Yes, describe the rental terms and options.

Describe common elements and recreational facilities.

HORTON APPRAISAL

**EXTRA COMPARABLES 4-5-6**

File No. 492D5A79
Case No.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Borrower | CRUZ | | | | | | |
| Property Address | 2238 ALAMEDA AVENUE | | | | | | |
| City | VENTURA | County | VENTURA | State | CA | Zip Code | 93003 |
| Lender/Client | JANET LAWSON | Address | 3639 HARBOR BLVD. STE. 209, VENTURA, CA. 93001 | | | | |

SALES COMPARISON ANALYSIS

| FEATURE | SUBJECT | COMPARABLE SALE # 4 | | COMPARABLE SALE # 5 | | COMPARABLE SALE # 6 | |
|---|---|---|---|---|---|---|---|
| Address | 2238 ALAMEDA AVENUE VENTURA, CA 93003 | 1426 FINCH AVENUE APN#136-0-042-300 | | 5256 GENEVA STREET APN#135-0-193-050 | | 6600 CROWLEY AVENUE APN#135-0-113-325 | |
| Proximity to Subject | | 0.59 miles N | | 0.18 miles SE | | 0.55 miles NE | |
| Sale Price | $ REFINANCE | | $ 368,000 | | $ 339,900 | | $ 325,000 |
| Sale Price/Gross Liv. Area | $ 229.61 sq. ft. | $ 256.45 sq. ft. | | $ 274.33 sq. ft. | | $ 231.48 sq. ft. | |
| Data Source(s) | REALIST | REALIST/MLS | | RE/MAX | | RODEO REALTY | |
| Verification Source(s) | INSPECTION | DOC#87836 | | AGENT EVA REBER | | AGENT ZANE WIDDES | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing | NA | FHA | | 805-384-4111 | | 805-494-0449 | |
| Concessions | NA | 98%FINANCED | | N/A | | N/A | |
| Date of Sale/Time | NA | 05/29/09 | CLOSED | LISTING | PENDING | LISTING | PENDING |
| Location | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Leasehold/Fee Simple | FEE | FEE | | FEE | | FEE | |
| Site | 7,500 | 6200 | +1,500 | 7200 | +500 | 8546 | -1,000 |
| View | NONE | NONE | | NONE | | NONE | |
| Design (Style) | CONVENTIONAL | CONVENTIONAL | | CONVENTIONAL | | CONVENTIONAL | |
| Quality of Construction | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Actual Age | 1949 (60) | 1964 (43) | 0 | 1950 (59) | 0 | 1954(55) | 0 |
| Condition | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Above Grade Room Count (Total / Bdrms. / Baths) | 7 / 3 / 2.0 | 6 / 4 / 2.00 | -10,000 | 5 / 3 / 2.00 | | 5 / 3 / 2.00 | |
| Gross Living Area | 1,459 sq. ft. | 1,435 sq. ft. | 0 | 1,239 sq. ft. | +13,200 | 1,404 sq. ft. | +3,300 |
| Basement & Finished | NONE | NONE | | NONE | | NONE | |
| Rooms Below Grade | None | N/A | | N/A | | N/A | |
| Functional Utility | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Heating/Cooling | FLR/NONE | FAU/NONE | 0 | FAU/NONE | 0 | FAU/NONE | 0 |
| Energy Efficient Items | SIMILAR | SIMILAR | | SIMILAR | | SIMILAR | |
| Garage/Carport | 2 GARAGE | 2 GARAGE | | 2 GARAGE | | 2 GARAGE | |
| Porch/Patio/Deck | PORCH | PATIO | 0 | PATIO | 0 | PATIO | 0 |
| | | | | | | | |
| | | | | | | | |
| DAYS ON MARKET | NA | 59 DAYS | | 13 DAYS | | 401 DAYS | |
| Net Adjustment (Total) | | + [X] - | $ -8,500 | [X] + - | $ 13,700 | [X] + - | $ 2,300 |
| Adjusted Sale Price of Comparables | | Net Adj: -2% Gross Adj : 3% | $ 359,500 | Net Adj: 4% Gross Adj: 4% | $ 353,600 | Net Adj: 1% Gross Adj: 1% | $ 327,300 |

Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales

| ITEM | SUBJECT | COMPARABLE SALE # 4 | COMPARABLE SALE # 5 | COMPARABLE SALE # 6 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | NO OTHER SALES IN | 05-29-2009 | NO OTHER SALES IN | NO OTHER SALES IN |
| Price of Prior Sale/Transfer | 36 MONTHS | 376,357 | 12 MONTHS | 12 MONTHS |
| Data Source(s) | MLS/REALIST | REALIST/MLS | REALIST/MLS | REALIST/MLS |
| Effective Date of Data Source(s) | CURRENT | CURRENT | CURRENT | CURRENT |

Analysis of prior sale or transfer history of the subject property and comparable sales SEE PRIOR COMP PAGE.

Summary of Sales Comparison Approach SALE 1 ALTHOUGH MUCH SMALLER HAS BEEN INCLUDED BECAUSE IT WAS AMONG THE MOST RECENT SALES FOUND LOCATED IN CLOSE PROXIMITY AND SIMILAR IN AGE. SALE 2 AND SALE 3 ARE LARGER AND SMALLER HOMES WITHIN 15% OF SUBJECT GROSS LIVING AREA. SALES 1,2 & 3 BRACKET SUBJECT SIZE AND INDICATED VALUE. THEY CARRY MOST WEIGHT. SALE 4 IS MOST SIMILAR IN SIZE BUT APPEARS TO HAVE SOLD HIGH. IT CARRIES SECONDARY WEIGHT. COMPARABLE PENDINGS 5 & 6 WERE CONSIDERED AMONG THE MOST SIMILAR LISTINGS IN SUBJECT NEIGHBORHOOD TO BEST REFLECT SUBJECT CURRENT MARKET VALUE. THE PENDING PRICES ARE UNKNOWN, THE LAST LISTING PRICES ARE USED. THEY CARRY SUPPORTING WEIGHT THE FINAL VALUE.

HORTON APPRAISAL

# COMMENT ADDENDUM

File No. 492D5A79
Case No.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Borrower | CRUZ | | | | | | |
| Property Address | 2238 ALAMEDA AVENUE | | | | | | |
| City | VENTURA | County | VENTURA | State | CA | Zip Code | 93003 |
| Lender/Client | JANET LAWSON | Address | 3639 HARBOR BLVD. STE. 209, VENTURA, CA. 93001 | | | | |

REGARDING STABLE VALUES:

THE VENTURA COUNTY MARKET HAS SEEN DECLINING VALUES OVER THE PAST FEW YEARS. THE CURRENT MARKET HOWEVER HAS SEEN SOME RECENT INCREASES AS PROPERTIES VALUES RANGES HAVE BECOME MORE AFFORDABLE IN THIS NEIGHBORHOOD. THIS IS ALSO INDICATED BY THE LOW SUPPLY OF CURRENT LISTINGS. CURRENTLY OUT OF THE 12 COMPARABLE LISTINGS IN SUBJECT NEIGHBORHOOD BETWEEN 1250 AND 1700 SQ.FT. 11 OF THE 12 ARE CURRENTLY IN ESCROW. WITH ONLY ONE ACTIVE LISTING WITHIN THOSE PARAMETERS. THIS INDICATES A VERY ACTIVE MARKET WITH DEMAND BEING HIGHER THAN SUPPLY.

HORTON APPRAISAL

# SKETCH ADDENDUM

File No. 492D5A79
Case No.

Borrower CRUZ
Property Address 2238 ALAMEDA AVENUE
City VENTURA County VENTURA State CA Zip Code 93003
Lender/Client JANET LAWSON Address 3639 HARBOR BLVD. STE. 209, VENTURA, CA. 93001



# LOCATION MAP ADDENDUM

File No. 492D5A79
Case No.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Borrower | CRUZ | | | | | | |
| Property Address | 2238 ALAMEDA AVENUE | | | | | | |
| City | VENTURA | County | VENTURA | State | CA | Zip Code | 93003 |
| Lender/Client | JANET LAWSON | Address | 3639 HARBOR BLVD. STE. 209, VENTURA, CA. 93001 | | | | |



File No. [illegible]
Case No.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Borrower | CRUZ | | | | | | |
| Property Address | 2238 ALAMEDA AVENUE | | | | | | |
| City | VENTURA | County | VENTURA | State | CA | Zip Code | 93003 |
| Lender/Client | JANET LAWSON | Address | 3639 HARBOR BLVD. STE. 209, VENTURA, CA. 93001 | | | | |

Realist — Page 1 of 1

**Property Details Report**
**2238 Alameda Ave Ventura, CA 93003-6668**
**Ventura County**

**Owner Info:**

| | | | |
|---|---|---|---|
| Owner Name: | Cruz Alfredo | Tax Billing Zip+4: | 6668 |
| Owner Name 2: | Cruz Patricia | Recording Date: | 06/22/2005 |
| Tax Billing Address: | 2238 Alameda Ave | Annual Tax: | $6,281 |
| Tax Billing City & State: | Ventura CA | Coun ty Use Code: | Custom Single Fam Res |
| Tax Billing Zip: | 93003 | Universal Land Use: | SFR |

**Location Info:**

| | | | |
|---|---|---|---|
| School District: | Ventura Ba sic | Panel Date: | 08/19/1987 |
| Subdivision: | Montalvo | Flood Zone Code: | C |
| Census Tract: | 15.07 | Zoning: | R1 |
| Carrier Route: | C078 | Old Map: | 59-B2 |
| Flood Zone Panel: | 0604190010C | Map Page/Grid: | 492-D6 |

**Tax Info:**

| | | | |
|---|---|---|---|
| Tax ID: | 135-0-142-215 | Total Assessment: | $561,000 |
| Tax Year: | 2008 | % Improv: | 20% |
| Annual Tax: | $6,281 | Tax Area: | 91012 |
| Assessment Year: | 2008 | Legal Description: | Ref: 003mr 016 Blk23 Lot3 |
| Land Assessment: | $450,000 | Lot Number: | 3 |
| Improved Assessment: | $111,000 | Block ID: | 23 |

**Characteristics:**

| | | | |
|---|---|---|---|
| Lot Frontage: | 50 | Sewer: | Public Service |
| Lot Depth: | 150 | Heat Type: | Floor Furnace |
| Lot Sq Ft: | 7,500 | Porch: | Porch |
| Lot Acres: | .1722 | Garage Type: | Garage |
| Style: | Traditional | Garage Capacity: | 2 |
| Building Sq Ft: | 1,478 | Garage Sq Ft: | 572 |
| Ground Floor Area: | 1478 | Roof Material: | Wood Shake |
| Primary Addition Area: | 522 | Exterior: | Stucco |
| Gross Bldg Area: | 2,000 | Floor Cover: | Carpet/Vinyl |
| Stories: | 1 | Foundation: | Raised |
| Condition: | Average | Year Built: | 1949 |
| Quality: | Average | Topography: | Flat/Level |
| Total Rooms: | 7 | Other Impvs: | Porch |
| Bedrooms: | 4 | Other Rooms: | Dining Room, Attic |
| Total Baths: | 2 | Equipment: | Disposal |
| Full Baths: | 2 | Porch 1 Area: | 96 |
| Water: | Public | | |

**Last Market Sale:**

| | | | |
|---|---|---|---|
| Recording Date: | 06/22/2005 | Owner Name: | Cruz Alfredo |
| Settle Date: | 05/10/2005 | Owner Name 2: | Cruz Patricia |
| Sale Price: | $602,000 | Seller: | Hooper Michael J |
| Document No: | 151815 | Price Per Sq Ft: | $407.31 |
| Deed Type: | Grant Deed | | |

**Sales History:**

| | | | | |
|---|---|---|---|---|
| Recording Date: | 06/22/2005 | 06/ 28/2001 | 04/20/2001 | 12/23/1987 |
| Sale Price: | $602,000 | | | $149,000 |
| Nominal: | | Y | Y | |
| Buyer Name: | Cruz Alfredo & Patricia | Hooper Michael J | Hooper Michael J | Hooper Jack & Rita |
| Seller Name: | Hooper Michael J | Hooper Jack | Hooper Rita A | Emard Donna |
| Document No: | 151815 | 121968 | 70682 | 8720406 |
| Document Type: | Grant Deed | Affidavit | Grant Deed | Grant Deed |

**Mortgage History:**

| | | | | |
|---|---|---|---|---|
| Mortgage Date: | 06/22/2005 | 06/22 /2005 | 09/27/2004 | 12/24/2003 |
| Mortgage Amt: | $481,600 | $120,400 | $50,000 | $50,000 |
| Mortgage Lender: | Wells Fargo Bk Na | Te ds Llc | Citibank West Fsb | Citimortgage |
| Mortgage Type: | Conventional | Conventional | Conventional | Conventional |

Courtesy of Carol Horton
VCRDS MLS

The data within this report is compiled by First American CoreLogic from public and private sources. If desired, the accuracy of the data contained herein can be independently verified by the recipient of this report with the applicable county or municipality.

HORTON APPRAISAL
**PLAT MAP**

File No. 492D5A79
Case No.

Borrower CRUZ
Property Address 2238 ALAMEDA AVENUE
City VENTURA County VENTURA State CA Zip Code 93003
Lender/Client JANET LAWSON Address 3639 HARBOR BLVD. STE. 209, VENTURA, CA. 93001



HORTON APPRAISAL

**SUBJECT PHOTO ADDENDUM**

File No. 492D5A79
Case No.

| Borrower | CRUZ | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 2238 ALAMEDA AVENUE | | | | | | |
| City | VENTURA | County | VENTURA | State | CA | Zip Code | 93003 |
| Lender/Client | JANET LAWSON | Address | 3639 HARBOR BLVD. STE. 209, VENTURA, CA. 93001 | | | | |

**FRONT OF SUBJECT PROPERTY**
2238 ALAMEDA AVENUE
VENTURA, CA 93003

**REAR OF SUBJECT PROPERTY**

**STREET SCENE**

**SUBJECT PHOTO ADDENDUM**

File No. 492D5A79
Case No.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Borrower | CRUZ | | | | | | |
| Property Address | 2238 ALAMEDA AVENUE | | | | | | |
| City | VENTURA | County | VENTURA | State | CA | Zip Code | 93003 |
| Lender/Client | JANET LAWSON | Address | 3639 HARBOR BLVD. STE. 209, VENTURA, CA. 93001 | | | | |

KITCHEN

LIVING ROOM

BATHROOM

## SUBJECT PHOTO ADDENDUM

File No. 492D5A79
CASE NO.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Borrower | CRUZ | | | | | | |
| Property Address | 2238 ALAMEDA AVENUE | | | | | | |
| City | VENTURA | County | VENTURA | State | CA | Zip Code | 93003 |
| Lender/Client | JANET LAWSON | | Address | 3639 HARBOR BLVD. STE. 209, VENTURA, CA. 93001 | | | |

BATHROOM

DINING ROOM



HORTON APPRAISAL
**COMPARABLES 1-2-3**

File No. 492D5A79
Case No.

Borrower CRUZ
Property Address 2238 ALAMEDA AVENUE
City VENTURA County VENTURA State CA Zip Code 93003
Lender/Client JANET LAWSON Address 3639 HARBOR BLVD. STE. 209, VENTURA, CA. 93001

**COMPARABLE SALE # 1**
6279 MONTALVO DRIVE
APN#135-0-193-105

**COMPARABLE SALE # 2**
6553 ALBATROSS STREET
APN#136-0-075-045

**COMPARABLE SALE # 3**
2104 ERMINE AVE
APN#131-0-082-065

HORTON APPRAISAL
**COMPARABLES 4-5-6**

File No. 492D5A79
Case No.

Borrower CRUZ
Property Address 2238 ALAMEDA AVENUE
City VENTURA County VENTURA State CA Zip Code 93003
Lender/Client JANET LAWSON Address 3639 HARBOR BLVD. STE. 209, VENTURA, CA. 93001

**COMPARABLE SALE # 4**
1426 FINCH AVENUE
APN#136-0-042-300

**COMPARABLE SALE # 5**
5256 GENEVA STREET
APN#135-0-193-050

**COMPARABLE SALE # 6**
6600 CROWLEY AVENUE
APN#135-0-113-325

This report form is designed to report an appraisal of a one-unit property or a one-unit property with an accessory unit; including a unit in a planned unit development (PUD). This report form is not designed to report an appraisal of a manufactured home or a unit in a condominium or cooperative project.

This appraisal report is subject to the following scope of work, intended use, intended user, definition of market value, statement of assumptions and limiting conditions, and certifications. Modifications, additions, or deletions to the intended use, intended user, definition of market value, or assumptions and limiting conditions are not permitted. The appraiser may expand the scope of work to include any additional research or analysis necessary based on the complexity of this appraisal assignment. Modifications or deletions to the certifications are also not permitted. However, additional certifications that do not constitute material alterations to this appraisal report, such as those required by law or those related to the appraiser's continuing education or membership in an appraisal organization, are permitted.

**SCOPE OF WORK:** The scope of work for this appraisal is defined by the complexity of this appraisal assignment and the reporting requirements of this appraisal report form, including the following definition of market value, statement of assumptions and limiting conditions, and certifications. The appraiser must, at a minimum: (1) perform a complete visual inspection of the interior and exterior areas of the subject property, (2) inspect the neighborhood, (3) inspect each of the comparable sales from at least the street, (4) research, verify, and analyze data from reliable public and/or private sources, and (5) report his or her analysis, opinions, and conclusions in this appraisal report.

**INTENDED USE:** The intended use of this appraisal report is for the lender/client to evaluate the property that is the subject of this appraisal for a mortgage finance transaction.

**INTENDED USER:** The intended user of this appraisal report is the lender/client.

**DEFINITION OF MARKET VALUE:** The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he or she considers his or her own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U. S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

*Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgment.

**STATEMENT OF ASSUMPTIONS AND LIMITING CONDITIONS:** The appraiser's certification in this report is subject to the following assumptions and limiting conditions:

1. The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it, except for information that he or she became aware of during the research involved in performing this appraisal. The appraiser assumes that the title is good and marketable and will not render any opinions about the title.

2. The appraiser has provided a sketch in this appraisal report to show the approximate dimensions of the improvements. The sketch is included only to assist the reader in visualizing the property and understanding the appraiser's determination of its size.

3. The appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in this appraisal report whether any portion of the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

4. The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand, or as otherwise required by law.

5. The appraiser has noted in this appraisal report any adverse conditions (such as needed repairs, deterioration, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property or that he or she became aware of during the research involved in performing this appraisal. Unless otherwise stated in this appraisal report, the appraiser has no knowledge of any hidden or unapparent physical deficiencies or adverse conditions of the property (such as, but not limited to, needed repairs, deterioration, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) that would make the property less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, this appraisal report must not be considered as an environmental assessment of the property.

6. The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that the completion, repairs, or alterations of the subject property will be performed in a professional manner.

**APPRAISER'S CERTIFICATION:** The Appraiser certifies and agrees that:

1. I have, at a minimum, developed and reported this appraisal in accordance with the scope of work requirements stated in this appraisal report.

2. I performed a complete visual inspection of the interior and exterior areas of the subject property. I reported the condition of the improvements in factual, specific terms. I identified and reported the physical deficiencies that could affect the livability, soundness, or structural integrity of the property.

3. I performed this appraisal in accordance with the requirements of the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

4. I developed my opinion of the market value of the real property that is the subject of this report based on the sales comparison approach to value. I have adequate comparable market data to develop a reliable sales comparison approach for this appraisal assignment. I further certify that I considered the cost and income approaches to value but did not develop them, unless otherwise indicated in this report.

5. I researched, verified, analyzed, and reported on any current agreement for sale for the subject property, any offering for sale of the subject property in the twelve months prior to the effective date of this appraisal, and the prior sales of the subject property for a minimum of three years prior to the effective date of this appraisal, unless otherwise indicated in this report.

6. I researched, verified, analyzed, and reported on the prior sales of the comparable sales for a minimum of one year prior to the date of sale of the comparable sale, unless otherwise indicated in this report.

7. I selected and used comparable sales that are locationally, physically, and functionally the most similar to the subject property.

8. I have not used comparable sales that were the result of combining a land sale with the contract purchase price of a home that has been built or will be built on the land.

9. I have reported adjustments to the comparable sales that reflect the market's reaction to the differences between the subject property and the comparable sales.

10. I verified, from a disinterested source, all information in this report that was provided by parties who have a financial interest in the sale or financing of the subject property.

11. I have knowledge and experience in appraising this type of property in this market area.

12. I am aware of, and have access to, the necessary and appropriate public and private data sources, such as multiple listing services, tax assessment records, public land records and other such data sources for the area in which the property is located.

13. I obtained the information, estimates, and opinions furnished by other parties and expressed in this appraisal report from reliable sources that I believe to be true and correct.

14. I have taken into consideration the factors that have an impact on value with respect to the subject neighborhood, subject property, and the proximity of the subject property to adverse influences in the development of my opinion of market value. I have noted in this appraisal report any adverse conditions (such as, but not limited to, needed repairs, deterioration, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) observed during the inspection of the subject property or that I became aware of during the research involved in performing this appraisal. I have considered these adverse conditions in my analysis of the property value, and have reported on the effect of the conditions on the value and marketability of the subject property.

15. I have not knowingly withheld any significant information from this appraisal report and, to the best of my knowledge, all statements and information in this appraisal report are true and correct.

16. I stated in this appraisal report my own personal, unbiased, and professional analysis, opinions, and conclusions, which are subject only to the assumptions and limiting conditions in this appraisal report.

17. I have no present or prospective interest in the property that is the subject of this report, and I have no present or prospective personal interest or bias with respect to the participants in the transaction. I did not base, either partially or completely, my analysis and/or opinion of market value in this appraisal report on the race, color, religion, sex, age, marital status, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property or of the present owners or occupants of the properties in the vicinity of the subject property or on any other basis prohibited by law.

18. My employment and/or compensation for performing this appraisal or any future or anticipated appraisals was not conditioned on any agreement or understanding, written or otherwise, that I would report (or present analysis supporting) a predetermined specific value, a predetermined minimum value, a range or direction in value, a value that favors the cause of any party, or the attainment of a specific result or occurrence of a specific subsequent event (such as approval of a pending mortgage loan application).

19. I personally prepared all conclusions and opinions about the real estate that were set forth in this appraisal report. If I relied on significant real property appraisal assistance from any individual or individuals in the performance of this appraisal or the preparation of this appraisal report, I have named such individual(s) and disclosed the specific tasks performed in this appraisal report. I certify that any individual so named is qualified to perform the tasks. I have not authorized anyone to make a change to any item in this appraisal report; therefore, any change made to this appraisal is unauthorized and I will take no responsibility for it.

20. I identified the lender/client in this appraisal report who is the individual, organization, or agent for the organization that ordered and will receive this appraisal report.

# Uniform Residential Appraisal Report

21. The lender/client may disclose or distribute this appraisal report to: the borrower; another lender at the request of the borrower; the mortgagee or its successors and assigns; mortgage insurers; government sponsored enterprises; other secondary market participants; data collection or reporting services; professional appraisal organizations; any department, agency, or instrumentality of the United States; and any state, the District of Columbia, or other jurisdictions; without having to obtain the appraiser's or supervisory appraiser's (if applicable) consent. Such consent must be obtained before this appraisal report may be disclosed or distributed to any other party (including, but not limited to, the public through advertising, public relations, news, sales, or other media).

22. I am aware that any disclosure or distribution of this appraisal report by me or the lender/client may be subject to certain laws and regulations. Further, I am also subject to the provisions of the Uniform Standards of Professional Appraisal Practice that pertain to disclosure or distribution by me.

23. The borrower, another lender at the request of the borrower, the mortgagee or its successors and assigns, mortgage insurers, government sponsored enterprises, and other secondary market participants may rely on this appraisal report as part of any mortgage finance transaction that involves any one or more of these parties.

24. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

25. Any intentional or negligent misrepresentation(s) contained in this appraisal report may result in civil liability and/or criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Section 1001, et seq., or similar state laws.

**SUPERVISORY APPRAISER'S CERTIFICATION:** The Supervisory Appraiser certifies and agrees that:

1. I directly supervised the appraiser for this appraisal assignment, have read the appraisal report, and agree with the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

2. I accept full responsibility for the contents of this appraisal report including, but not limited to, the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

3. The appraiser identified in this appraisal report is either a sub-contractor or an employee of the supervisory appraiser (or the appraisal firm), is qualified to perform this appraisal, and is acceptable to perform this appraisal under the applicable state law.

4. This appraisal report complies with the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

5. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

APPRAISER

Signature [signature]
Name GEORGE HORTON
Company Name HORTON APPRAISAL
Company Address 8252 TIARA STREET
VENTURA , CA 93004
Telephone Number 805 659-4913
Email Address HORTONAPPRAISAL@ROADRUNNER.COM
Date of Signature and Report 07-06-2009
Effective Date of Appraisal 07-06-2009
State Certification # AR022661
or State License #
or Other (describe) State #
State CA
Expiration Date of Certification or License 9-15-10

ADDRESS OF PROPERTY APPRAISED
2238 ALAMEDA AVENUE
VENTURA, CA 93003

APPRAISED VALUE OF SUBJECT PROPERTY $ 335,000

LENDER/CLIENT
Name
Company Name JANET LAWSON
Company Address 3639 HARBOR BLVD. STE. 209
VENTURA, CA. 93001
Email Address

SUPERVISORY APPRAISER (ONLY IF REQUIRED)

Signature
Name
Company Name
Company Address

Telephone Number
Email Address
Date of Signature
State Certification #
or State License #
State
Expiration Date of Certification or License

SUBJECT PROPERTY

☐ Did not inspect subject property
☐ Did inspect exterior of subject property from street
Date of Inspection
☐ Did inspect interior and exterior of subject property
Date of Inspection

COMPARABLE SALES

☐ Did not inspect exterior of comparable sales from street
☐ Did inspect exterior of comparable sales from street
Date of Inspection

# EXHIBIT 3

WELLS FARGO HOME MORTGAGE
Return Mail Operations
PO Box 14411
Des Moines, IA 50306-3411

# Monthly Mortgage Statement

**Statement Date** 06/18/09
**Loan Number** 0144399946

## Customer Service

**Online**
yourwellsfargomortgage.com

**Fax**
(866) 278-1179

**Telephone**
(866) 234-8271

**Correspondence**
PO Box 10335
Des Moines IA 50306

**Hours of Operation**
Mon - Fri, 6 AM - 10 PM
Sat, 8 AM - 2 PM

**Payments**
PO Box 30427
Los Angeles CA 90030

**TTY Deaf/Hard of Hearing**
(800) 934-9998

102609 1 AT 0.357 6609/102609/006609 307 01 AGN8GF 708
ALFREDO CRUZ
PATRICIA CRUZ
2238 ALAMEDA AVENUE
VENTURA CA 93003-6668

## Summary

| | |
|---|---|
| Payment (Principal and/or Interest, Escrow) | $2,207.44 |
| Optional Product(s) | $0.00 |
| **Current Monthly Payment 07/01/09** | **$2,207.44** |
| Overdue Payments 12/01/08 - 06/01/09 | $15,200.73 |
| Unpaid Late Charge(s) | $755.02 |
| Other Charges | $15.00 |
| **TOTAL PAYMENT DUE 07/01/09** | **$18,178.19** |

**Property Address**
2238 ALAMEDA AVENUE
VENTURA CA 93003

| | |
|---|---|
| **Unpaid Principal Balance** | $481,600.00 |
| *(Contact Customer Service for your payoff balance)* | |
| **Interest Rate** | 5.375% |
| **Interest Paid Year-to-Date** | $0.00 |
| **Taxes Paid Year-to-Date** | $0.00 |
| **Escrow Balance** | $553.00- |

## Important Messages

**DISASTER PREPARATION**
Our disaster assistance line is here to help if you are ever affected by a disaster such as a fire, flood, or storm. If needed, a dedicated disaster representative is available at (888) 818-9147.

Our records indicate your monthly payment is delinquent and a late charge has been assessed. In the future, please make your payment on or before the due date to avoid late charges and adverse credit bureau reporting. If your payment has been sent, please disregard this notice.

102609/006609 AGN8GF 6609 ETM1C013 1

## Activity Since Your Last Statement

| Date | Description | Total | Principal | Interest | Escrow | Late Charge | Other |
|---|---|---|---|---|---|---|---|
| 06/16 | LATE FEE | | | | | $107.86- | |

Late charges are assessed after the close of business on the assessment date and only after all payments received have been applied.

WELLS FARGO
HOME MORTGAGE

*Please detach and return with your payment*

| | |
|---|---|
| **Loan Number** | **0144399946** |
| **Current Monthly Payment Due** | **$2,207.44** |
| **Total Payment Due 07/01/09** | **$18,178.19** |
| **After 07/16/09 Add Late Fee** | **$107.86** |
| **Total Amount Due After 07/16/09** | **$18,286.05** |

*Check here and see reverse for address correction.*

ALFREDO CRUZ
PATRICIA CRUZ
6609/102609/006609 307 01 AGN8GF 708

WELLS FARGO HOME MORTGAGE
PO BOX 30427
LOS ANGELES CA 90030-0427

Monthly Payment x pmt amt A $
Additional Principal B $
Late Charges C $
Other Charges D $
Additional Escrow E $

Please specify additional funds. Any additional funds not specified will be applied first to any outstanding charges.

Total Amount Enclosed (Please do not send cash) F $



**EXHIBIT 4**

**Monthly Mortgage Statement for 06/10/2009**

FRANKLIN CREDIT
Management Corporation
101 Hudson Street, 25th Flr.
Jersey City, NJ 07302

Paid #2852 6/26/09 $522.75

| | |
|---|---|
| *Next Payment Due Date: | 03/01/2009 |
| Current Payment: | $1,045.49 |
| Principal Payment | $77.81 |
| Interest Payment | $967.68 |
| Escrow Payment | $0.00 |
| *Past Due Payment(s): | $4,181.96 |
| *Unpaid Late Charges: | $313.20 |
| Other Charges: | $0.00 |
| **Total Amount Due:** | **$5,540.65** |
| Statement Date: | 06/10/2009 |
| Loan Number: | 0001762010 |
| Interest Rate: | 9.875% |

**Property Address:**
2238 Alameda Ave.
Ventura, CA 93003

ALFREDO CRUZ
PATRICIA CRUZ
2238 ALAMEDA AVE.
VENTURA, CA 93003

4T69-FRAN01-000729

**Please visit our web site at www.franklincredit.com for more information on the services we have to offer you!**

**ACCOUNT ACTIVITY**

| Date | Description | Principal | Interest | Escrow | Late Charges/Fees | Miscellaneous | Total |
|---|---|---|---|---|---|---|---|
| 05/12/2009 | Late Charge Assess | 0.00 | 0.00 | 0.00 | -62.73 | 0.00 | -62.7 |
| 05/29/2009 | Regular Payment | 77.17 | 968.32 | 0.00 | 0.00 | 0.00 | 1,045.4 |

**ACCOUNT SUMMARY**

| Principal Balance* As Of 06/10/2009 | Interest Paid Year to Date | Escrow Balance As Of 06/10/2009 | Taxes Paid Year to Date |
|---|---|---|---|
| $117,591.77 | $2,906.84 | $0.00 | $0.00 |

*This is your Principal Balance only, not the amount required to pay your loan in full.

**IMPORTANT BANKRUPTCY NOTICE**

*** If you have filed for Bankruptcy protection or have received a Bankruptcy discharge, this monthly statement is for informational purposes only and is not an attempt to collect a debt. If you filed Bankruptcy and are requesting a payment history or payoff please contact 800-255-5897 or fax request to 201-604-4520.**

**NEGATIVE NOTICE - Franklin Credit Management Corporation may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. You have the right to dispute the accuracy of information reported to the credit bureaus by writing to us.**

**BILLING DISPUTES - Please provide the following information when submitting a billing dispute: (1) Your name and account number; (2) The dollar amount of the suspected error; (3) Describe the error and explain why you believe there is an error; and (4) Provide supporting documentation including but not limited to, copies of cancelled checks, receipts or other evidence supporting your claim. Should you require additional information regarding your account, please describe the issue(s) which require clarification.**

**Please forward all billing disputes, disputes on the accuracy of information reported to credit bureaus or inquiries to:**

**Franklin Credit Management Corporation**
**PO Box 2303**
**Jersey City, NJ 07303-2303**
**Or Fax to: 201-604-4457**

**While we are investigating your dispute, you are obligated to pay the parts of your billing that are not in question. You may contact Franklin Credit Management Corp.'s Customer Service Department at: 800-255-5897**

**SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number

JANET A. LAWSON #107321
3639 EAST HARBOR BLVD. #209
VENTURA CA 93001
(805) 985-1147

*Attorney for Plaintiff*

FOR COURT USE ONLY

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

In re:

ALFREDO & PATRICIA CRUZ

Debtor.

CHAPTER 13

CASE NUMBER 09-12850

ADVERSARY NUMBER

ALFREDO & PATRICIA CRUZ

Plaintiff(s),

vs.

FRANKLIN CREDIT MANAGEMENT CORPORATION & IT'S ASSIGNEES

Defendant(s).

*(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*

**SUMMONS AND NOTICE OF STATUS CONFERENCE**

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by ____________________________, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

**Hearing Date:** **Time:** **Courtroom:** **Floor:**

- ☐ **255 East Temple Street, Los Angeles**
- ☐ **411 West Fourth Street, Santa Ana**
- ☐ **21041 Burbank Boulevard, Woodland Hills**
- ☒ **1415 State Street, Santa Barbara**
- ☐ **3420 Twelfth Street, Riverside**

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: ____________________________

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By: ____________________________
*Deputy Clerk*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* (COA-SA) **F 7004-1**

Summons and Notice of Status Conference - *Page 2* **F 7004-1**

| In re (SHORT TITLE) | CASE NO.: 09-12850 |
|---|---|
| ALFREDO & PATRICIA CRUZ Debtor(s). | |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3639 EAST HARBOR BLVD. #209, VENTURA CA 93001

A true and correct copy of the foregoing document described as COMPLAINT TO ESTABLISH THE VALUE OF DEBTOR'S RESIDENCE AND REMOVE LIEN ______ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

HARD COPY DELIVERED

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ______________ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On ______________ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ______________ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | JANET A. LAWSON | |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* (COA-SA) **F 7004-1**

Main Document Page 32 of 34

Summons and Notice of Status Conference - *Page 3* **F 7004-1**

| In re (SHORT TITLE) | CASE NO.: 09-12850 |
|---|---|
| ALFREDO & PATRICIA CRUZ Debtor(s). | |

**ADDITIONAL SERVICE INFORMATION** (if needed):

CSC LAWYERS INCORPORATING
SERVICE
2730 GATEWAY OAKS DR. #100
SACRAMENTO CA 95833

FRANKLIN CREDIT MANAGEMENT
CORPORATION
101 HUDSON ST. 25TH FL
JERSEY CITY, NJ 07302

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* (COA-SA) **F 7004-1**

FORM B104 (08/07) | 2007 USBC, Central District of California

## ADVERSARY PROCEEDING COVER SHEET
(Instructions on Page 2)

**ADVERSARY PROCEEDING NUMBER** (Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| ALFREDO & PATRICIA CRUZ | FRANKLIN CREDIT MANAGEMENT CORPORATION & IT'S ASSIGNORS |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>JANET A. LAWSON #107321<br>3639 EAST HAROR BLVD. #209<br>VENTURA CA 93001 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
LIEN STRIP (SECOND MORTGAGE)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>ALFREDO & PATRICIA CRUZ | | BANKRUPTCY CASE NO.<br>09-12850 |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DIST. CALIFORNIA | DIVISIONAL OFFICE<br>NORTHERN | NAME OF JUDGE<br>R. RIBLET |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>9/24/09 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>JANET A. LAWSON | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.